UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **MARTHA DENMON STORER, ET AL.** | * | **CIVIL ACTION NO.  14-2488** |
| **VERSUS** | * | **JUDGE ELIZABETH E. FOOTE** |
| **CROWN CORK & SEAL COMPANY, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

### MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a third motion to compel Trane US, Inc.'s Rule 30(b)(6) deposition, and for costs [doc. # 133] filed by plaintiffs, Martha Denmon Storer, et al.  For reasons detailed below, the motion is GRANTED.[1]

### Background[2]

The instant ongoing discovery dispute is between plaintiffs Martha Denmon Storer, et al. and defendant Trane US, Inc. ("Trane").  This is plaintiffs' third motion to compel Trane's corporate deposition.  The court sets forth the following chronology:

On November 25, 2015, plaintiffs' counsel transmitted his initial request to counsel for Trane for an agreeable date on which to depose Trane's 30(b)(6) witness.  At that time, plaintiffs sought to take the corporate representative deposition in January 2016, prior to the deposition of

---

[1] As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

[2]  On June 26, 2014, plaintiffs Martha Denmon Storer, et al., filed the instant suit for damages on behalf of Hubert "Bud" Storer against numerous defendants stemming from Hubert Storer's exposure to asbestos-containing products which caused him to contract mesothelioma, and resulting in his premature death on July 8, 2013.  (Petition).  On August 13, 2014, defendants removed the case to federal court on the basis of diversity jurisdiction.

another witness whose testimony would depend on Trane's testimony.

On December 1, 2015, plaintiffs' counsel sent the proposed 30(b)(6) notice to counsel for Trane and requested that he look it over so the parties "could come to an agreement on these areas of inquiry by the end of the week."

On December 2, 2015, plaintiffs' counsel advised defense counsel that he had added an additional area of inquiry to encompass all documents that Trane obtained after it reclaimed its franchise from H.E. Storer Sales, Inc.

On January 12, 2016, plaintiffs' counsel noticed Trane's corporate deposition for February 22, 2016, in New Orleans, at counsel for Trane's office.

On February 18, 2016, counsel for Trane advised plaintiffs' counsel that his client's corporate deposition would not go forward as scheduled, because neither he nor the representative were available. Counsel stated that he would submit alternative dates for the deposition.

On February 18, 2016, plaintiffs filed a motion to compel Trane to produce a representative for its corporate deposition noticed for February 22.

On February 19, 2016, one business day before its February 22 corporate deposition, Trane filed a motion to quash the deposition of its corporate representative, Dennis Dorman. Trane explained that Mr. Dorman was caring for his ill father, and that counsel had a conflict with the deposition date.

On March 31, 2016, the court granted-in-part the pending discovery-related motions, and ordered Trane's 30(b)(6) deposition to be taken on May 19 or 20 in Minneapolis, Minnesota. (March 31, 2016, Mem. Order [doc. 103]).

The deposition, however, was not taken in May, and Trane's designated corporate

representative, Dennis Dorman, was not available again until September 2016. This prompted plaintiffs' second motion to compel Trane's 30(b)(6) deposition that was filed on July 7, 2016. (Pl. 2nd M/Compel [doc. # 113]).

On August 10, 2016, plaintiffs' counsel emailed defense counsel an extended list of 34 proposed matters entitled, "UPDATED Conference Request re 30(b)(6) Areas of Inquiry." (Aug. 10, 2016, email from Scott Hendler to Joe Morton; 3rd M/Compel, Exh 4 and Decl. of Scott Hendler, 3rd M/Compel, Exh. 5.

On August 18, 2016, pursuant to a telephone conference/hearing with the parties and Mr. Dorman, plaintiffs' counsel agreed that the reasons for the delay provided by Trane's corporate representative were satisfactory. (Aug. 18, 2016, Minutes of Proceedings [doc. # 125]). Accordingly, the court denied the motion to compel, as moot. *Id*.

Meanwhile, on the morning of August 18, 2016, before the conference with the court, counsel conferred about several discovery matters including the 30(b)(6) deposition notice. *See* Decl. of Scott Hendler; 3rd M/ Compel, Exh. 5. Following the call, plaintiffs' counsel believed that all outstanding issues were resolved and reported same to the court during the phone hearing. *Id*. Moreover, Trane did not challenge any of the proposed matters for the 30(b)(6) deposition.

After the hearing, however, defense counsel emailed plaintiffs' counsel that he had concern about five of the proposed matters. (Aug. 18, 2016, email from J. Morton to S. Hendler; 3rd M/Compel, Exh. 6). Defense counsel promised to serve objections by August 23 and to confer again on August 26 to resolve any outstanding issues. *Id*.

Trane did not serve objections by August 23 and defense counsel was unable to attend the scheduled call on August 26. On September 1, counsel conferred and defense counsel reiterated his concern about the five areas that he had identified in his August 18, 2016, email, but assured

3

plaintiffs' counsel that he would allow the witness to answer questions about those subject matters (subject to spoken objections). (Decl. of Scott Hendler; 3rd M/Compel, Exh. 5). Thereafter, on September 1, 2016, plaintiffs served all parties with their formal notice of deposition for Trane. (Notice of Deposition; 3rd M/Compel, Exh. 7).

On September 7, 2016, one day before the scheduled deposition, Trane served plaintiffs with objections to every matter in the notice. (Trane's Objections to 30(b)(6) Corporate Representative Deposition; 3rd M/Compel, Exh. 8). By that time, plaintiffs' counsel already was in Minnesota and—in light of the ten months and two motions to compel it had required to schedule the deposition—opted to proceed because counsel for Trane had assured him that the witness would answer questions regarding all the matters in the notice. (Decl. of Scott Hendler).

Trane produced its corporate representative, Dennis Dorman, for deposition on September 8, 2016. However, Dorman was unprepared to testify regarding many of the matters in plaintiffs' notice. In addition, counsel for Trane instructed Mr. Dorman not to answer on eleven occasions. Nonetheless, Trane did not file a motion for protective order regarding any of the matters in the deposition notice or otherwise seek a ruling on any of the matters in the notice.

On October 31, 2016, plaintiffs filed the instant (third) motion to compel Trane's 30(b)(6) deposition and request for costs. Trane filed its opposition on December 1, 2016, in which it maintained that, 1) Mr. Dorman was prepared for the deposition; 2) Trane's claim of attorney-client privilege was valid; 3) counsel properly instructed Mr. Dorman not to answer questions related to Matter Item Nos. 30 & 31; and 4) Matter Item No. 34 was not a valid area of inquiry. [doc. # 142].

On December 21, 2016, plaintiffs filed their reply memorandum. [doc. # 154]. Thus, the matter is ripe.

## **Law**[3]

A party may, by oral questions, depose any person, including another party, but must provide reasonable written notice to every other party. Fed.R.Civ.P. 30(a) &(b)(1). In addition, a party may name an entity as a deponent so long as the party also describes with reasonable particularity the matters for examination. Fed.R.Civ.P. 30(b)(6). The named entity/deponent then must designate one or more persons or officials and the matters upon which each will testify. *Id*.[4]

A party seeking discovery may move for an order compelling a Rule 30(b)(6) designation if a corporation or other entity fails to do so. Fed.R.Civ.P. 37(a)(3)(B)(ii). Further, upon motion, a court may order sanctions "if a party or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition . . ." Fed.R.Civ.P. 37(d)(1)(A)(i). Sanctions may include,

---

[3] "Litigation is not a game, but rather is a search for the truth and an effort to obtain justice." *Todd v. Precision Boilers, Inc.*, Civ. Action No. 07-0112, 2008 WL 4722338, at *4 (W.D. La. Oct. 24, 2008) (citations omitted).

[4] As recited by the Fifth Circuit:
Rule 30(b)(6) is designed to avoid the possibility that several officers and managing agents might be deposed in turn, with each disclaiming personal knowledge of facts that are clearly known to persons within the organization and thus to the organization itself. Therefore, the deponent must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to *prepare* those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters. [T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.
*Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 432–33 (5th Cir.2006) (internal quotation marks and citations omitted).

*inter alia*, reasonable expenses, including attorney's fees – unless the failure was justified or other circumstances make an award unjust. Fed.R.Civ.P. 37(d)(3). **Failure to appear at a deposition is not excused on the basis that the discovery sought was objectionable – unless the party failing to appear had a pending motion for protective order under Rule 26(c)**. Fed.R.Civ.P. 37(d)(2).

"At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed.R.Civ.P. 30(d)(3)(A). If, however, the deponent, another person, or any other circumstance impedes or delays the examination, the court must allow additional time, if needed, to fairly examine the deponent. Fed.R.Civ.P. 30(d)(1). Furthermore, the court may impose an appropriate sanction – including reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent. Fed.R.Civ.P. 30(d)(2).

Upon a showing of good cause, a court may issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including [an order] . . . specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery . . . " Fed.R.Civ.P. 26(c)(1)(B). The party seeking the protective order must establish good cause for the entry of the order by making a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193 (1981); *see also*, *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). Furthermore, "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199 (1984).

>Finally, Rule 26(b) provides that,
>
>[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

### Analysis

**I.     Trane's Representative was not Adequately Prepared for the Deposition**

Trane contends that its corporate representative, Dennis Dorman, was prepared to testify on September 8, 2016, because Mr. Dorman spoke with counsel and a Trane employee named John Hopkins in April 2016, some five months before the Rule 30(b)(6) deposition and while Trane possessed only twelve of plaintiffs' deposition matters.

Plaintiffs served Trane with the additional deposition matters on August 10, 2016. Trane, however, took no action to prepare Mr. Dorman in the four weeks between receipt of the additional areas of inquiry and the deposition. In fact, Dorman did not know any of the following:

- Mr. Hopkins's job title (Trane Depo., pg. 20; 3rd M/Compel, Exh. 9);

- The names of a single Trane employee—besides Mr. Hopkins—who conducted the investigation to prepare for Trane's 30(b)(6) deposition (Trane Depo., pg. 20);

- What Trane did to investigate plaintiffs' deposition topics (Trane Depo., pgs. 22-23);

- What documents were looked at to investigate plaintiffs' deposition topics (Trane Depo., pg. 25);

- Whether any Trane corporate officers, senior personnel, or former employees were interviewed to prepare for Trane's 30(b)(6) deposition (Trane Depo., pg. 51); and

- Whether Trane had any written reports regarding matters in the deposition notice, (Trane Depo., pg. 52).

Upon review of Trane's Rule 30(b)(6) deposition excerpts submitted by plaintiffs, it is glaringly apparent that the deponent was not adequately prepared for the noticed deposition matters. According to plaintiffs, Dorman did not know the answers to over 75 questions and did not recall or remember 20 times. (Trane Depo., pg. 51; 3rd M/Compel, Exh. 9). There is no indication that any of the areas of inquiry were outside the scope of the deposition matters.

For more than nine months, Trane deferred its corporate deposition on the basis that "Mr. Dorman is the Trane representative to best address the issues which are relevant to this case, i.e., what Trane products may have potentially exposed Mr. Storer to asbestos, which sites/locations the exposures occurred, Trane franchise agreements and how said agreements are managed." (Trane's M/Quash, Memo., pg. 3 [doc. # 82]). These representations only serve to make Mr. Dorman's lack of preparedness all the more galling.

Of course, if the designated "agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all." *Brazos River Auth., supra* (citation omitted). Furthermore, the corporation is required to provide a substitute. *Id*.

Accordingly, the court will require Trane to produce at least one representative who is prepared to discuss **all** of the deposition matters noticed by plaintiffs, including the efforts made to research those matters. The deposition shall be held in Austin, Texas, upon a date mutually agreeable to all parties, but, in any event, no later than 60 days after the date of this order.[5] Further, within 21 days from the date of this order Trane shall reimburse plaintiffs for the cost of

---

[5] If, despite their best efforts, the parties are unable to agree upon a date, then they shall gather their respective calendars and initiate a conference call with the court.

the court reporter (and videographer, if any) associated with the ineffective 30(b)(6) deposition held on September 8, 2016. In addition, within the next 7 days from the date of this order, Trane, and its counsel, shall remit to plaintiffs the total sum of $2,000 as reasonable attorney's fees to help ameliorate *some* of the reasonable expenses, fees, and costs incurred by movants in connection with the instant motion, and for the roughly seven hours of time spent at the essentially unproductive deposition.

**II.    Trane's Objections to Certain Deposition Topics/Areas of Inquiry**

a)    <u>Attorney-Client Privilege</u>

At the September Rule 30(b)(6) deposition, Trane's attorney instructed the corporate representative not to answer the following questions:

- What Mr. Dorman was told on the April 2016 call that led him to believe that "Mr. Hopkins and other individuals inside of Trane did considerable amount of work to try and bring together the necessary information" (Trane Depo., pgs. 20-21; 3rd M/Compel, Exh. 9);

- After Mr. Dorman testified that he was given the opportunity to ask Mr. Hopkins questions during the April 2016 call to ensure that preparation for the Rule 30(b)(6) deposition was adequate, thorough, and accurate], what is an example of a question he asked Mr. Hopkins and a satisfactory answer he received (Trane Depo., pgs. 23, 25);

- What investigation was done regarding any topic in the Rule 30(b)(6) notice (Trane Depo., pg. 25);

- What questions Mr. Dorman asked to ensure that all documents regarding any particular matter in the notice were examined (Trane Depo., pg. 25); and

- Who at Trane conducted the investigation into any particular topic in the notice (Trane Depo., pg. 26).

It is axiomatic that the attorney-client privilege protects confidential communications "by a client to his attorney for the purpose of obtaining legal advice." *King v. University Healthcare System, L.C.* 645 F.3d 713, 720 (5th Cir. 2011). The party invoking attorney-client privilege has

9

"[t]he burden of demonstrating [its] applicability." *Id*. (citation omitted). Furthermore, "[a] party invoking the attorney-client privilege must establish: (1) that there was a communication between client and counsel; (2) the communication was intended to be confidential; (3) the communication was, in fact, kept confidential; and (4) **the communication was made for the purpose of obtaining or providing legal advice.**" *Kidder v. Tidewater Marine, LLC*, Civ. Action No. 05-1152, 2007 WL 37954, at *1 n.3 (W.D. La. Jan. 5, 2007) (citation omitted) (emphasis added).

Trane agrees that plaintiffs have the right to discover what *actions* were taken by Hopkins to discharge his task of searching for the requested information. (Trane Opp. Memo, pg. 6). For their part, plaintiffs correctly argue that they were not seeking information about legal advice provided by counsel. (Pl. Reply Memo., pg. 11). Rather, they sought information regarding Trane's efforts to search for responsive records and documents. *Id*. This is a permissible area of inquiry. Trane's objection is overruled.

      b) <u>Deposition Matter Nos. 30 and 31</u>

Plaintiffs' notice of deposition included the following two topics:

> **REQUEST No. 30:**
> The specific nature of all asbestos related litigation in which Trane US has been a party through September 8, 2016, including any insurance coverage litigation in which Trane has been or is a party for coverage of asbestos related liability, including but not limited to the basis of the claims and defenses of all such litigation and the courts where such litigation was or is pending.
>
> **REQUEST No. 31:**
> All workers compensation claims in which you ever were or are a party, asserting claims for damages arising from or involving asbestos or other hazardous dusts.

(Notice of Deposition for Trane; 3rd M/Compel, Exh. 7).

Trane argues that the foregoing requests are overbroad, disproportional, impossible, and irrelevant. Trane adduced a declaration from Bradley Drew, an employee of Navigant PACE, a

third-party service provider that assists Trane in the management of its asbestos litigation. (Decl. of Bradley Drew; Opp. Memo., Exh. C). Drew represented that Trane is a defendant in over 44,000 cases that are open and pending in the United States. *Id*. Furthermore, Trane was a defendant in over 140,000 matters that are now closed. *Id*.

First, the court observes that, whether by design or inadvertence, Drew did not actually specify that all of the foregoing cases were asbestos cases. Second, even if all of the cases *are* asbestos cases, it is apparent that Trane already has a service provider onboard to assist it with its discovery obligations.

Trane maintains that it does not know what Matter Nos. 30 and 31 will tend to prove in this case. However, as plaintiffs readily explained,

> [u]nder both types of litigation, Trane will have made statements under oath including verified discovery responses, affidavits, and admissions. Those sworn statements will include information about Trane's knowledge of the risks of asbestos and when it knew about those hazards (*i.e.* state of the art evidence), the types of asbestos-containing component products sold in Trane HVAC equipment, the types of asbestos fibers (*i.e.* Crocidolite versus Chrysotile) in Trane's asbestos-containing component parts, and the amount of asbestos in Trane asbestos-containing component parts. Moreover, workers' compensation claims are a form of notice of the risk of disease posed by asbestos. If Trane received workers' compensation claims for asbestos related disease in the 1950s or 1960s, they served as notice to Trane of the risk of asbestos . . .
>
> Plaintiffs do not intend to rely on the fact that Trane has been sued and thus sought coverage for its asbestos-related liability. Rather, Plaintiffs intend to rely on the sworn statements Trane has made over the past 35 years in litigation regarding its use of asbestos products and its knowledge of the risks of those products . . .
>
> Plaintiffs will find evidence that is relevant to their claims—for example that Trane knew the hazards of asbestos prior to 1971—in Trane's sworn statements from litigation over the past 35 years. Trane has been involved in asbestos-related litigation since 1980. This is the same time period when Trane's document retention policy went into effect under which Trane claims to have destroyed nearly every document responsive to Plaintiffs' discovery requests about Trane's

>sale of asbestos-related component parts, dep. 34:2-9, 35:3-6. However, this information will have been preserved in Trane's [ ] sworn statements regarding its use of asbestos-containing products in the context of litigation with its insurers over the past 35 years.

(Pl. Reply Memo., pgs. 15-16).

In other words, plaintiffs have had to resort to broader discovery topics because of Trane's own document retention policies and inability (or unwillingness)[6] to acknowledge whether the Trane equipment models serviced by the decedent contained asbestos.

Upon consideration of defendant's pattern of delay and intransigence, as well as the Rule 26(b)(1) factors themselves, the court finds that Deposition Matter Nos. 30 and 31 are proportional to this case. Trane's objection is overruled.[7]

c) <u>Deposition Matter No. 34</u>

Plaintiffs' notice of deposition sought the following additional information:

**REQUEST No. 34:**
The basis of the decision to reclaim the franchise originally issued to Hubert Storer following Hubert Storer's death from Mesothelioma and the net economic impact of that decision on the Storer franchise and the economic benefit to You.

(Notice of Deposition for Trane; 3rd M/Compel, Exh. 7).

Trane contends that the foregoing area of inquiry is irrelevant to the instant litigation because plaintiffs are not entitled to recover any alleged economic losses to H.E. Storer, Inc. as a

---

[6] Q. Don't you know the model number you all made in the 1960s?
    A. Yes, we probably could.
    Q. So you could make the search of all those model numbers, couldn't you?
    A. Yes.
    Q. But that was not done; is that correct?
    A. That was not done.
See Trane 30(b)(6) Depo., pgs. 102-104.

[7] In any event, Trane failed to present a timely motion for protective order either before or in the immediate wake of the deposition. Although Trane did not receive the formal deposition notice until September 1, it was well aware of the proposed topics prior to that time.

result of the termination of the franchise agreement with Trane. This argument forms the basis for Trane's motion for partial summary judgment that is pending before the District Court.

Be that as it may, plaintiffs' claim for economic loss to H.E. Storer, Inc. remains pending and viable at this point in time. Unless and until that claim is dismissed, plaintiffs are entitled to conduct discovery regarding it. *See Angus Chem. Co. v. Glendora Plantation, Inc.*, 782 F.3d 175, 179 n.3 (5th Cir.2015) (intimating that the viability of a party's claim for damages should not be resolved in the context of a motion to compel when the same issue is before the district court in a motion for partial summary judgment). In any event, Rule 30(c)(2) authorizes an attorney to instruct a deponent not to answer a question in only three instances: to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3). Relevancy is not a valid basis to refuse to answer. Accordingly, the objection is overruled.

## Conclusion

For the foregoing reasons,

IT IS ORDERED that plaintiffs' third motion to compel Trane US, Inc.'s Rule 30(b)(6) deposition, and for costs [doc. # 133] is GRANTED, as detailed in the body of this opinion, and in the succeeding paragraphs.

Trane is hereby ORDERED to produce one or more representatives fully prepared to discuss **all** of the 30(b)(6) deposition matters noticed by plaintiffs, including the efforts made to research those matters. The deposition **shall** be held in Austin, Texas, upon a date mutually agreeable to all parties, but, in any event, no later than 60 days after the date of this order

IT IS FURTHER ORDERED that, within 7 days from the date of this order, defendant Trane US, Inc. and/or its counsel shall remit the single sum of $2,000 to plaintiffs Martha

Denmon Storer, et al., via their counsel, and file proof of payment in the record of these proceedings within 7 days thereafter.

IT IS FURTHER ORDERED that within 21 days from the date of this order, defendant Trane US, Inc. and/or its counsel shall reimburse plaintiffs Martha Denmon Storer, et al., via their counsel, for the cost of the court reporter (and videographer, if any) associated with the ineffective 30(b)(6) deposition held on September 8, 2016.

Defendant Trane is hereby cautioned that any further delays, lack of good faith preparation, or other failure to cooperate in the discovery process will be grounds for more drastic sanctions, including all of those listed in Rule 37(b)(2).

In Chambers, at Monroe, Louisiana, this 31st day of January, 2017.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE