UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MARTHA DENMON STORER, ET AL. | CIVIL ACTION NO. 14-2488 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| CROWN CORK & SEAL COMPANY, INC, ET AL. | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the Court is a motion for partial summary judgment filed by Defendant Trane US, Inc. ("Trane"). Record Document 141. For the reasons discussed below, Defendant's motion is **DENIED**.

## I. Factual and Procedural Background

Martha Storer and her four adult children (collectively "Plaintiffs") brought this suit against Trane and several other defendants, alleging liability for the death of their husband and father Bud Storer from mesothelioma allegedly caused by asbestos exposure. Record Document 204. Bud Storer died in 2013. Id., p. 1. Before his death, he operated Storer Equipment Company ("the Company"), in which Plaintiffs are shareholders. Record Document 164, p. 7. The Company had a franchise agreement with Trane, which Trane terminated in 2014. Id., p. 10.

In their complaint, Plaintiffs alleged four claims: (1) negligence of asbestos manufacturer sellers, suppliers and distributors, which they allege was the proximate cause of Bud Storer's illness; (2) strict liability of asbestos manufacturers, sellers, suppliers, and distributors; (3) "intentional tort of fraudulent misrepresentation causing

physical harm;" and (4) "intentional tort battery." Record Document 204, pp. 6-12. For the first time in the amended complaint, Plaintiffs list economic damages as among the damages sought. Record Document 204, p. 13. Specifically, Plaintiffs argue that they are entitled to damages for loss of financial support from Bud Storer, including damages resulting from Trane's cancellation of the Company's franchise agreement because of Bud Storer's death, causing lost revenues to the Company and to Plaintiffs as the Company's shareholders. Id.

Trane moved for partial summary judgment on the issue of damages, arguing that Plaintiffs are not entitled to economic damages for any business losses to the Company because Plaintiffs pled no cause of action that would warrant economic damages to the company, economic damages are not compensable in wrongful death and survival actions in Louisiana, and because no damages are warranted by the termination of the franchise because the termination complied with the terms of the franchise agreement. Record Document 141.

**II. Analysis**

  A. Standard of Review

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] Summary judgment is

---

[1] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this Court will rely on it accordingly.

appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. See id. at 322-23.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact with the motion for summary judgment, the nonmovant must demonstrate that there is, in fact, a genuine issue for dispute at trial by going "beyond the pleadings" and designating specific facts for support. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,'" by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. Id. (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1985) (internal citations omitted); Reid v. State Farm Mut. Auto Ins. Co., 784 F.2d 577, 578 (5th Cir. 1986) (the court must "review the facts drawing all inferences most favorable to the party opposing the motion"). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the nonmovant is so weak

and tenuous that it could not support a judgment in the nonmovant's favor. Little, 37 F.3d at 1075.

    B. Trane's Motion

Trane argues that Plaintiffs are not entitled to economic damages for lost profits of the Company. Record Document 141. Trane advances three grounds for this argument: that no cause of action pled in the Petition would warrant economic damages, that economic losses to the Company are not compensable in wrongful death and survival actions, and that no damages are available as a result of termination of the franchise agreement. Id. Plaintiffs argue that they may recover damages for loss of support, which includes loss of financial support, and thus may include the lost profits of the Company. Record Document 164.

Trane attempts to turn a factual question into a purely legal one by carving out a class of economic damages and then arguing that economic damages were not pled and are not compensable in this sort of action as a matter of law. Record Document 141-1, pp. 4-8. Trane offers no case establishing such a bright-line rule, and in fact agrees that loss of earnings is compensable. Id., p. 7 ("Loss of earnings are the only economic damages compensable in this survival action…"). If Plaintiffs prove the elements of their tort claims, they are entitled to whatever damages the factfinder determines were proximately caused by those injuries. These include loss of earnings in a survival action and loss of support in a wrongful death action. Broussard v. Med. Protective Co., 2006-331 (La. Ct. App. 2/21/07); 952 So. 2d 818, 818-19. A jury could

determine that loss of earnings and loss of support includes income that Bud Storer would have earned but for his death. What damages were caused by Bud Storer's death, and what the extent of those damages may be, is a question of fact. Aldredge v. Moses, 595 So. 2d 379, 381 (La. Ct. App. 1992) ("The determination of actual damages is a question of fact."). The Court cannot resolve a question of fact at this stage.

Trane similarly argues that Plaintiffs cannot recover economic damages from the termination of the franchise agreement. To the extent that Trane's argument is that Plaintiffs have alleged no breach of contract claim, this is correct. Plaintiffs may not recover for breach of contract because they have not claimed any breach of contract. However, as discussed above, if Plaintiffs prove their tort claims, it will be up to the jury to determine the amount of damages that would appropriately compensate them for their injuries. Such a determination may be based on facts such as the amount of earnings and support that Plaintiffs lost because of Bud Storer's death. Whether that loss of earnings and loss of support includes income Bud Storer would have earned through the Company is a question of fact, and cannot be decided by the Court at summary judgment. Therefore, Trane's motion for partial summary judgment must be **DENIED**.

### III. Conclusion

For the reasons discussed above, Trane's motion for partial summary judgment [Record Document 141] is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this _22nd___ day of ____August_____, 2017.

_____
Elizabeth Erny Foote
United States District Judge